IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

PATRICK L. DAWSON, )
)
    Petitioner, )
)
v. ) CV 108-142
) (Formerly CR 107-129)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government submitted its response to the motion. (Doc. no. 3). For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED** as to the out-of-time appeal and **DISMISSED** without prejudice as to all other claims, that the judgment in Petitioner's underlying criminal case be **VACATED**, that an identical sentence be **RE-IMPOSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

On November 9, 2007, a federal grand jury returned a nine count indictment against Petitioner and a co-defendant. United States v. Dawson, CR 107-129, doc. no. 1 (S.D. Ga. Nov. 9, 2007) (*hereinafter* "CR 107-129"). Counts one through four charged Petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Id. at 1-2. Counts five and six charged Petitioner with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Id. at 2-3. Counts seven and eight charged Petitioner with possession of a

firearm having an obliterated serial number in violation of 18 U.S.C. § 922(k). Id. at 3-4. Finally, count nine charged Petitioner and his co-defendant with sale or possession of a stolen motor vehicle in violation of 18 U.S.C. § 2313. Id. at 4-5.

The Court appointed Richard E. Allen, Esquire, to represent Petitioner. Id., doc. no. 24. On February 25, 2008, Petitioner pleaded guilty to counts three and four of the indictment. Id., doc. nos. 50-52. Petitioner's plea agreement did not contain an appeal waiver. Id., doc. no. 51. Petitioner was sentenced on July 10, 2008, to, *inter alia*, 84 months of imprisonment.[1]

Petitioner did not file an appeal, but he filed his § 2255 motion on October 1, 2008. In the motion, Petitioner asserts various grounds for relief. In Ground One, Petitioner asserts a claim of ineffective assistance of counsel. (Doc. no. 1, p. 4). In particular, Plaintiff maintains that his appointed counsel failed to file objections to the duplicitous indictment, failed to object to a 4 point enhancement for "2K2.1(b)(4) for removal of serial numbers from weapons," failed to request a psychiatric evaluation for Petitioner, failed to file a direct appeal upon Petitioner's request, and failed to fully investigate and present mitigating factors. (Id.). In Ground Two, Petitioner asserts that his guilty plea was not knowing and voluntary. (Id. at 5). In Ground Three, Petitioner argues that his indictment violated the Fifth Amendment because the government "blind-sided petitioner with [a] **new** criminal offense at and during [his] sentencing hearing." (Id. at 7). Finally, in Ground Four, Petitioner claims a breach and/or violation of the plea agreement for substantial assistance provided to the government. (Id. at 8).

---

[1]Judgment was entered on July 14, 2008. CR 107-129, doc. no. 63.

At the direction of the Court, Respondent filed its response to Petitioner's § 2255 motion (doc. nos. 2, 3). Respondent, with the consent of Mr. Allen, Petitioner's defense counsel in the underlying criminal proceeding, concedes that Petitioner is entitled to an out-of-time appeal. (Id. at 7). Mr. Allen disputes Petitioner's assertion that he requested Mr. Allen to file a notice of appeal for Petitioner. (Id. at 5). Indeed, Mr. Allen asserted that during his representation of Petitioner, there was never any discussion of an appeal at all. (Id.). Mr. Allen stated that this was because the Sentencing Court clearly advised Petitioner of his right to appeal at the sentencing. (Id.). The Court resolves the issue as follows.

## II. DISCUSSION

To establish ineffective assistance of counsel, Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Nonetheless, the Court's scrutiny of counsel's performance must be "highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. In this regard, the Court must determine whether counsel's performance was inside "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." Id. at 690.

When reviewing appellate counsel's performance, there is a strong presumption that it falls within the "wide range of reasonable professional assistance," and thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [appellate] strategy.'" Id. at 689. Furthermore, strategic

3

decisions are entitled to a "heavy measure of deference." Id. at 691. As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the [appellate stage] could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

Under the second prong of Strickland, Petitioner is required to establish prejudice from any deficient performance. Strickland, 466 U.S. at 687. However, the Court is mindful that in the Eleventh Circuit, "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal."[2] Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (explaining that lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner). Thus,

---

[2]Indeed, "an attorney's total failure to file an appeal after being instructed to do so will *always* entitle the defendant to an out-of-time appeal, *regardless of the defendant's chances of success.*" Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (*per curiam*) (quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983) (emphasis added)).

The Court is aware that Respondent, contrary to Petitioner's assertion, maintains that Petitioner never asked Mr. Allen to file an appeal. Even if Petitioner did not request that Mr. Allen file an appeal, the Eleventh Circuit recently held that in such a case, the Court "must still determine 'whether counsel in fact consulted with the defendant about an appeal.'" Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (quoting Flores-Ortega, 528 U.S. at 478). Thus, Petitioner's § 2255 motion should still be granted if the Court finds that Mr. Allen failed to adequately consult with Petitioner. Here, Mr. Allen candidly admitted that during his representation of Petitioner, there was never any discussion of an appeal at all. (Doc. no. 3, p. 5). Mr. Allen stated that this was because the Sentencing Court clearly advised Petitioner of his right to appeal at the sentencing. (Id.).

4

it is not necessary that Petitioner demonstrate any additional prejudice aside from the lost opportunity to appeal.

In this case, Respondent states that, after receiving the instant motion, it contacted Mr. Allen, Petitioner's defense counsel in the underlying criminal proceedings. (Doc. no. 3, p. 5). According to Respondent, with the consent of Mr. Allen, the government concedes that Petitioner is entitled to an out-of-time direct appeal. (Id.). As such, the appropriate remedy for this situation, then, is to allow Petitioner to pursue an out-of-time appeal.

When a court determines that an out-of-time appeal in a criminal case is the proper remedy in a § 2255 proceeding, the Eleventh Circuit directs that the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, the Court recommends that the procedure set forth in Phillips be followed in this case to re-institute Petitioner's right to appeal. Unless Petitioner elects to retain his own counsel for the appeal,[3] the Court recommends that the presiding District Judge appoint counsel prior to the reimposition of his sentence. After the reimposition of Petitioner's sentence, Petitioner,

---

[3] If Petitioner does choose to retain his own counsel for the appeal, he is **DIRECTED** to file a notice with the Court indicating his intention to retain counsel within the time period allowed for filing objections to this Report and Recommendation. Otherwise, the Court will appoint counsel to represent Petitioner.

5

through counsel, will be allowed ten days in which to file a formal notice of appeal.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED** as to the out-of-time appeal, and **DISMISSED** without prejudice as to all other claims, that the judgment in Petitioner's underlying criminal case be **VACATED**, that an identical sentence be **RE-IMPOSED**, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 27th day of January, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE